# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Daryl Ballard,**
**Plaintiff Below, Petitioner**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0250** (Cabell County 11-C-764)

**Cabell County Deputy Sheriff's Civil Service**
**Commission, Randy Saunders, in his official**
**capacity, Charles McComas, in his official**
**capacity, Glen Conway, and Tom McComas,**
**Sheriff of Cabell County, in his official capacity**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Daryl Ballard, by counsel Abraham J, Saad, appeals the January 28, 2013, "Final Order" from the Circuit Court of Cabell County. Respondents, the Cabell County Sheriff's Civil Service Commission, Randy Saunders, Charles McComas, Glen Conway, and Tom McComas, by counsel Ancil G. Ramey and William T. Watson, filed their response to which petitioner filed his reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner contends that he did not receive a promotion to the rank sergeant with the Cabell County Sheriff's Department in 2011 due to the promotions of other deputies and a limited number of sergeant positions with the department. Petitioner was hired as a deputy by the Cabell County Sheriff's Department in March of 1994. On October 28, 2007, then-sheriff Kim Wolfe promoted petitioner from the rank of deputy first class to corporal. In February of 2008, the Cabell County Deputy Sheriff's Civil Service Commission ("the Commission") and the sheriff's department made two promotions from the rank of deputy to corporal, but Deputies Larry Gay and Winfred Dale Enochs did not receive promotions at that time. Deputies Gay and Enochs then filed a civil action in the Circuit Court of Cabell County, Civil Action No. 10-C-432, challenging the process of those promotions. On December 23, 2009, the Commission introduced and implemented a new promotion plan, establishing the requirements and process by which the Commission and sheriff's department would make future promotions. On February 22, 2011, Deputy Gay signed a Release in Full of All Claims in Civil Action No. 10-C-432. The release states that as part of the settlement, Deputy Gay would receive a retroactive promotion to

1

corporal effective as of February of 2008.[1] Also on February 22, 2011, Deputy Enochs signed a Release in Full of All Claims in Civil Action No. 10-C-432. According to that release, Deputy Enochs also received a retroactive promotion to corporal effective as of February of 2008.

On or about May 21, 2011, all sheriff's department promotion candidates took a test that would be applied in the Commission's formula for promotions. Petitioner received his evaluation score during his personnel evaluation and appealed that score to the Commission. The Commission heard the appeal but denied the same by letter dated October 4, 2011. On October 6, 2011, petitioner learned that Deputy Gay was being promoted to sergeant. Deputy Enochs was also promoted from deputy first class to corporal.

On October 14, 2011, petitioner filed an action for a preliminary injunction in the circuit court seeking to block the promotion of Deputy Gay because he believed that Deputy Gay's promotion prevented his promotion from the rank of corporal to the rank of sergeant. Petitioner named the three members of the Civil Service Commission for the Cabell County Sheriff's Department in their official capacities as defendants, Randy Saunders, Charles McComas, and Glen Conway. He also named the Civil Service Commission and the sheriff. Count III of the complaint is for a writ of mandamus claiming that petitioner's evaluation score of fifty-nine should have been at least seventeen points higher. Petitioner claimed he was entitled to a writ reevaluating his score.[2] In response, the named defendants answered, as did Deputy Gay as an intervenor. In his answer, Deputy Gay admitted that he had held the rank of deputy first class over the "last two years" but denied the allegation that he had not held the rank of corporal. On September 12, 2012, an agreed order was entered abandoning petitioner's claims that Deputy Gay's promotion should be stopped or rescinded. Deputy Gay was dismissed as intervenor in the matter.

On January 28, 2013, the circuit court entered its "Final Order" finding that the Release in Full of All Claims was a valid settlement agreement and the promotion of Deputy Gay from the rank of deputy to sergeant was valid. The circuit court further found that the promotion did not violate the provisions of West Virginia Code § 7-14-1, *et seq.*, including § 7-14-13. The order states that all parties agreed that neither Deputies Gay nor Enochs held the position of corporal before Deputy Gay's promotion to the rank of sergeant in October of 2011. It is from this order that petitioner appeals.

On appeal, petitioner asserts two assignments of error: 1) a lack of mutual assent and 2) a violation of West Virginia Code § 7-14-13. "'A circuit court's entry of a declaratory judgment is reviewed *de novo*.' Syllabus Point 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995)." Syl.

---

[1]Although petitioner contests the promotions of both Deputies Gay and Enochs, only Deputy Gay appeared as a party to this action as an intervenor before the circuit court.

[2]In his reply and without reference to the record, petitioner states that he initially filed a verified complaint and temporary restraining order in this matter because, on paper, the sheriff promoted Deputy Gay from the rank of deputy first class to the rank of sergeant on October 14, 2011. He asserts that Deputy Enochs was promoted from the rank of deputy first class to corporal on the same day. Petitioner claims that he was not aware of the releases until the initial hearing in this matter.

Pt. 1, *Estate of Fussell v. Fortney*, 229 W.Va. 622, 730 S.E.2d 405 (2012). In addition, "[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

In support of his first assignment of error, petitioner argues that a valid settlement agreement did not exist because there was no meeting of the minds between the parties to the agreement and the parties did not accept the essential terms to the agreement. The settlement agreements at issue were entered into in a separate action, being Civil Action No. 10-C-432 filed in the Circuit Court of Cabell County; the settlement agreements are between plaintiffs Deputies Gay and Enochs and defendants Cabell County Deputy Sheriff's Civil Service Commission, John Sears, George Kisor, and Tom McComas. The key terms of the releases are set forth above. The only signature line on each release is for the respective releasing parties in that matter, Deputies Gay and Enochs. Petitioner argues that because Sheriff McComas refused to sign off on the settlement agreement in question, the agreement is invalid. "The contractual concept of "meeting of the minds" or "mutual assent" relates to the parties having the same understanding of the terms of the agreement reached." *Messer v. Huntington Anesthesia Group, Inc.*, 222 W.Va. 410, 418, 664 S.E.2d 751, 759 (2008). The parties to the settlement agreements at issue do not contest the terms or the validity of the settlement agreements. During the September 19, 2012, hearing before the Circuit Court of Cabell County, Sheriff McComas testified that Deputies Gay and Enochs received settlement checks in the amount of their claimed back pay from the county commission's budget because Sheriff McComas did not agree to it. Sheriff McComas did not testify that he objected to the entirety of the settlement agreement and did not state that he was contesting that agreement. To the extent that the same is a factual determination based on the testimony, we hold that the circuit court's finding that the settlement agreement was a valid agreement is not clearly erroneous. In reviewing the record before this Court, to the extent the same is a question of law, we find that the testimony sufficiently evidences the validity of the settlement agreement. Further, we note as a practical matter that in many cases, only the plaintiff or releaser signs the settlement agreement and/or the release.

Petitioner's second assignment of error is that Deputies Gay and Enochs never held the rank of corporal, so the Commission could not have lawfully promoted either of them to the rank of sergeant under the provisions of West Virginia Code § 7-14-13. West Virginia Code § 7-14-13 states: "[N]o person shall be eligible for promotion from the lower grade to the next higher grade until such person shall have completed at least two years' service in the next lower grade." Petitioner argues that only a deputy with a rank of corporal for at least two years is eligible for promotion to the rank of sergeant. Pursuant to the releases signed by Deputies Gay and Enochs in Civil Action No. 10-C-432, their respective promotions to corporal were retroactive to February of 2008. Therefore, as of February 22, 2011, the date each man signed the release, both Deputies Gay and Enochs had effectively been in the position of corporal for more than two years. Further, petitioner does not contest the rights of Deputies Gay and Enochs to the position of corporal effective February of 2008. Thus, as of February 22, 2011, Deputies Gay and Enochs were eligible for promotion to the position of sergeant under West Virginia Code § 7-14-13. In addition, West Virginia Code § 7-14-13 states that "[v]acancies in positions of deputy sheriff

3

shall be filled, so far as practicable, by promotion from among persons holding positions in the next lower grade." Based upon the clear language of the statute and the record before this Court, we find that Deputy Gay had effectively held the position of corporal for more than two years prior to February 22, 2011. Therefore, we find there was no violation of West Virginia Code § 7-14-13 with respect to Deputy Gay.

        For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II